IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ROSALIE LILLIE ARDESE,            )
                                  )
        Plaintiff,                )
                                  )
v.                                )   Case No. CIV-06-012-JHP
                                  )
DCT, INC.,                        )
                                  )
        Defendant.                )

## ORDER and OPINION

Before the Court are Defendant's Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff's Response in opposition, and Defendant's Reply thereto, and Plaintiff's Application to File Second Amended Complaint, Defendant's Response in opposition, Plaintiff's Reply, and Defendant's Surreply thereto. For reasons stated herein, Defendant's Motion to Dismiss is GRANTED as to Count VI,[1] and Plaintiff's Application to File Second Amended Complaint is also GRANTED in part. Due to the Court's ruling on Defendant's Motion to Dismiss, however, Plaintiff shall be required to conform her Second Amended Complaint to said ruling and to other concerns identified herein.

In considering a 12(b)(6) motion to dismiss, the Court accepts all well-pleaded matters in the complaint as true, and resolves all doubts in the light most favorable to the plaintiff. Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000). Of course, well-pleaded facts are distinguished from conclusory allegations, and "unsupported conclusions of the pleader may be disregarded, especially when limited or negated by the substance of facts pleaded." Lillard v. Stockton, 267

---

[1] Count VI is the only issue remaining in Defendant's Motion, pursuant to the parties' Joint Stipulation of Dismissal with Prejudice, in which Counts IV, IX, and X were dismissed.

1

F. Supp. 2d 1081, 1093 (N.D. Okla. 2003) (internal citations and quotations omitted). The plaintiff must make at least minimal factual allegations, either direct or inferential, as to every material element of the claim. Gooley v. Mobil Oil Co., 851 F.2d 513, 515 (1st Cir. 1988); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Only if it "appears beyond doubt that plaintiff could prove no set of facts entitling it to relief," will the Court grant a 12(b)(6) motion to dismiss. Brannon v. Boatmen's Bancshares, 952 F. Supp. 1478, 1482 (W.D. Okla. 1997) (internal citations and quotations omitted). If the plaintiff clearly cannot prevail on the facts alleged, and amending the complaint would be futile, dismissal with prejudice may be appropriate. Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir. 2001).

In this case, the Court finds that Plaintiff's Counts V and VI, for Negligent Hiring and Retention, and Negligent Training, respectively, are redundant. Although Oklahoma courts have seemingly entertained all such actions, they have done so in combinations. *See, e.g.*, Rodebush v. Okla. Nursing Homes, Ltd., 867 P.2d 1241 (Okla. 1993) (negligent hiring and training) (Simms, J., dissenting); Robinson v. Borg-Warner Protective Servs. Corp., 31 P.3d 1041 (Okla. 2001) (negligent hiring, training and supervision); Hull v. Wellston Ind. Sch. Dist. No. I-004, 46 P.3d 180, 183 (Okla. Civ. App. 2001) (negligent hiring, retaining, training and supervising); Armstrong v. Carr, 77 P.3d 598, 600 (Okla. Civ. App. 2003) (negligent hiring, training and supervision); Applegate v. State Farm Mut. Auto. Ins. Co., 61 Fed. Appx. 552, 554 (E.D. Okla. 2003) (negligent training and supervision); Waters v. City of Lawton, 2006 U.S. Dist. LEXIS 17333 at *6 (W.D. Okla. 2006) (negligent training and supervision). The Court notes, however, that none of these cases directly address the validity of separating the claims in general, or the elements and/or merits of a negligent training claim in particular. Because hiring, training,

supervising, and retaining are all employment actions along a continuum, the Court finds that Plaintiff's Count VI for negligent training is necessarily subsumed within Count V. Defendant's Motion to Dismiss is therefore GRANTED without prejudice.

In her Application to File Second Amended Complaint, Plaintiff seeks to add a claim for breach of contract, presumably under the Labor Management Relations of Act of 1947 (LMRA). [*See* Pltf. App. at 2, ¶ 7 (citing § 301(a); id. at 4-5, ¶¶ 25-27; id. at 7-8, ¶ 37(a)-(e).] Defendant's Response objected to allowing a state law claim for breach, because such claim would be preempted by § 301(a) of the LMRA. Defendant's Surreply implies that it would not object to a more clearly stated § 301 claim. Thus, Plaintiff's Application is GRANTED in part to allow Plaintiff to add a § 301 claim, and to make other amendments consistent with the Court's findings herein.

IT IS SO ORDERED this 26th day of May 2006.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma