# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSALIE LILLIE ARDESE and ) <br> GERALD R. MILLER, Trustee of the ) <br> Bankruptcy Estate of ROSALIE LILLIE ) <br> ARDESE, ) <br> ) <br>          Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DCT, INC., ) <br> ) <br>          Defendant. ) | Case No. 06-CV- 012-JHP |

## ORDER AND OPINION

Before the Court is Defendant's Motion for Summary Judgment, Plaintiff's Response in opposition, and Defendant's Reply thereto. Defendant seeks a ruling that, as a matter of law, Plaintiff lacks standing to assert her various causes of action against Defendant because those causes of action properly belong to, and may only be asserted by, the trustee of Plaintiff's bankruptcy estate. Alternatively, Defendant seeks a ruling that Plaintiff is judicially estopped from asserting her various causes of action based upon her failure to list those causes of action as property in her prior bankruptcy proceeding. Upon review of the pleadings and applicable law, and for reasons stated herein, Defendant's Motion is GRANTED.

## Background

In October 2000, Plaintiff Rosalie Lillie Ardese was employed by Defendant DCT as a security guard at the McAlester Army Ammunition Depot in Pittsburg County, Oklahoma. Plaintiff was subsequently reassigned in 2002 to the position of dispatcher. Plaintiff alleges that during her employment with Defendant, she was subjected to harassment and discrimination on

the basis of her race, sex, and religious practices. Plaintiff further alleges that when she reported her treatment, Defendant refused to take action. Instead, Plaintiff alleges that Defendant's management, her supervisor, and certain coworkers retaliated against Plaintiff for reporting the discriminatory and harassing behavior. Plaintiff asserts that she was eventually terminated on October 18, 2004.

On January 18, 2005, Plaintiff subsequently filed a Charge Against Employer with the National Labor Relations Board. On February 17, 2005, the NLRB deferred Plaintiff's grievance to the grievance/arbitration provisions of the contractual agreement between Defendant and the Union of Security, Police and Fire Professionals of America ("SPFPA"). Thereafter, Plaintiff filed a Charge of Discrimination against Defendant on March 11, 2005, with the Equal Employment Opportunity Commission. The EEOC subsequently dismissed Plaintiff's Charge of Discrimination and issued a Notice of Rights. On January 3, 2006, Plaintiff filed a second Charge of Discrimination against Defendant, raising essentially the same claims against Defendant, and the EEOC again dismissed Plaintiff's Charge and issued a Notice of Rights on January 17, 2006.

In the interim, on October 11, 2006, Plaintiff filed a Voluntary Petition for Relief pursuant to Chapter 7 of the United States Bankruptcy Code in the Bankruptcy Court for the Eastern District of Oklahoma. On the portion of the Schedule of Personal Assets that required Plaintiff to indicate the existence of "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor and rights to setoff claims" (Def.'s Mot. Summ. J. 37), Plaintiff indicated that she had none. Similarly, on the portion of the Schedule requiring Plaintiff to indicate the existence of "[o]ther of any kind not already listed," *Id.*, Plaintiff indicated that she had none. Additionally, in response to Question 4 of the Statement of

Financial Affairs filed in the bankruptcy case, which requires Plaintiff to list "all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately proceeding the filing of this bankruptcy case" (Def.'s Mot. Summ. J. 52), Plaintiff indicated that she had been part of none. Indeed, Plaintiff now acknowledges that she neglected to include her various claims against Defendant as assets in her bankruptcy filings. (Pl.'s Resp. Def.'s Mot. Summ. J. 2.)

Based upon Plaintiff's omission of her various causes of action against Defendant, the bankruptcy trustee determined that Plaintiff possessed no non-exempt property for distribution to Plaintiff's creditors. Instead, the trustee recommended that the Bankruptcy Court enter a final decree discharging the trustee and exonerating the trustee's bond. The Bankruptcy Court entered a Discharge of Debtors on January 10, 2006 and a Final Decree discharging the trustee and closing the bankruptcy case on January 23, 2006.

On the same day that the Bankruptcy Court entered its Discharge of Debtors, Plaintiff filed a pro se Complaint in this Court against Defendant and various other parties. After obtaining counsel, Plaintiff amended her Complaint on June 6, 2006. In its most recent incarnation, Plaintiff's Complaint asserts claims against Defendant for: (1) discrimination on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; (2) discrimination on the basis of perceived disability in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.; (3) denial of the right to make and enforce contracts on the basis of race in violation of 42 U.S.C. § 1981; (4) breach of contract in violation of § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185; (5) negligent hiring, training and retention of supervisors and employees; (6) intentional infliction of emotional distress; and (7) exemplary damages.

On July 21, 2006, Defendant filed its Motion to Dismiss, requesting "that this Court enter an Order dismissing all of Plaintiff's Causes of Action." (Def.'s Mot. Summ. J. 16.) Because Defendant had attached additional evidentiary materials to its Motion, at Defendant's request, the Court converted Defendant's Motion to Dismiss into a Motion for Summary Judgment and directed Plaintiff to respond accordingly. *See* Fed. R. Civ. P. 12(b) ("If, on a motion...to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment."). In its Motion, Defendant asserts that Plaintiff lacks standing to pursue her various claims against Defendant and that Plaintiff should be judicially estopped from asserting her claims.

Subsequent to the filing of Defendant's Motion, Plaintiff and Gerald R. Miller, Plaintiff's bankruptcy trustee (hereinafter "the Trustee"), filed an unopposed motion pursuant to Rule 20 of the Federal Rules of Civil Procedure to join the Trustee as a party plaintiff in this case as the representative of Plaintiff's bankruptcy estate. This motion indicated that Plaintiff's bankruptcy case had been reopened and amended to include all of Plaintiff's claims against Defendant. After due consideration, the Court granted the motion to join the Trustee as a party plaintiff. Because Defendant's Motion for Summary Judgment, which was filed prior to the Trustee's admission as a party plaintiff in this case, seeks only a determination as to Plaintiff's causes of action against Defendant, rather than those of the Trustee, and because Defendant concedes in both its Motion and Reply that its arguments relating to standing and judicial estoppel are inapplicable to the Trustee[1] (Def.'s Mot. Summ. J. 10, 15 n.12; Def.'s Reply 2), the Court's

---

[1] Indeed, in its Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, Defendant "acknowledges that the [Miller] may in fact wish to intervene or substitute as party plaintiff in this Case, and is not opposed to this Court setting a time certain by which the

consideration of the present Motion is confined to Plaintiff's individual claims against Defendant.

## Discussion

Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id*.

In ruling on a motion for summary judgment, the Court examines the factual record "and draw[s] reasonable inferences therefrom in the light most favorable to the non-moving party." *Simms v. Oklahoma*, 165 F.3d 1321, 1326 (10th Cir. 1999); *see Liberty Lobby*, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."). The Court also interprets the rule in such a way as "to isolate and dispose of factually unsupportable claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986).

In its Motion, Defendant first contends that because Plaintiff's causes of action against Defendant accrued prior to filing of Plaintiff's bankruptcy case, such causes of action are part of

---

Trustee must do so." (Def.'s Reply 6.) Likewise, in its Response to Bankruptcy Trustee's Rule 20 Motion to Join, Defendant expressly provides that Defendant "does not object to the substitution of Gerald R. Miller, in his capacity as chapter 7 trustee of the bankruptcy estate of Rosalie Lillie Ardese, as party plaintiff in this action." (Def.'s Resp. ¶ 1.)

the bankruptcy estate and may only be asserted by the bankruptcy trustee. As such, Defendant contends that Plaintiff herself lacks standing to pursue those claims on her own behalf against Defendant. In response, Plaintiff contends that because any surplus beyond the various debts of the estate would belong to her, Plaintiff still has standing as a party in this case.

Under 11 U.S.C. § 541(a)(1), upon the commencement of a bankruptcy case, a bankruptcy estate is created that includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Likewise, 11 U.S.C. § 541(a)(7) provides for the inclusion of "any interest in property that the estate acquires after commencement of the case." As the U.S. Supreme Court has noted, "[b]oth the congressional goal of encouraging reorganizations and Congress' choice of methods to protect secured creditors suggest that Congress intended a broad range of property to be included in the estate." *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 204 (1983). Indeed, Tenth Circuit precedent make clear, the "[p]roperty of the bankruptcy estate includes causes of action belonging to the debtor at the time the [bankruptcy] case is commenced." *In re Stat-Tech Intern. Corp.*, 47 F.3d 1054, 1057 (10th Cir. 1995). As noted above, all of Plaintiff's causes of action against Defendant relate to Defendant's conduct prior to Plaintiff's filing for bankruptcy. Indeed, Plaintiff readily concedes that she "failed to include her claims against [Defendant] in [her] bankruptcy filings" (Pl.'s Resp. Def.'s Mot. Summ. J. ¶ 15) and that "[o]n August 22, 2006, the Bankruptcy Case was amended to include the claims in this lawsuit" (Pl.'s Resp. Def.'s Mot. Summ. J. ¶ 18). Given that all parties are in agreement that Plaintiff's causes of action are the property of the bankruptcy estate and that the bankruptcy estate has already been amended to include those causes of action, the Court next turns to the question of whether Plaintiff herself has standing to maintain those causes of action in this case.

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). A plaintiff's standing must be evaluated "as of the commencement of suit." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 (1992). Moreover, a "plaintiff generally must assert his own legal rights and interests." *Warth*, 422 U.S. at 499. The Bankruptcy Code provides that the bankruptcy trustee is the representative of the bankruptcy estate. 11 U.S.C. § 323(a). The Code also grants the bankruptcy trustee the "capacity to sue and be sued." 11 U.S.C. § 323(b). Taken together, these provisions strongly imply that the bankruptcy trustee, as the bankruptcy estate's representative, reserves the exclusive right to assert causes of action belonging to the bankruptcy estate. Indeed, those courts addressing the standing of a Chapter 7 debtor to assert a cause of action belonging to the bankruptcy estate have generally held that "any such cause of action can only be asserted by the trustee of the bankruptcy estate."[2] *Smith v. Rockett*, No. CIV-06-492-M, 2006 WL 2345793, at *1 (W.D. Okla. Aug. 11, 2006); *see also Parker v. Wendy's Intern., Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) ("Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to

---

[2] The Court notes that "[t]he debtor may regain standing to pursue a cause of action if the cause of action is abandoned." *Harris v. St. Louis University*, 114 B.R. 647, 649 (E.D. Mo. 1990). Abandonment may occur in three ways. First, "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome...or...of inconsequential value." 11 U.S.C.A. § 554(a). Second, "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon [such] property." 11 U.S.C.A. § 554(b). Finally, "any [scheduled] property . . . not otherwise administered at the time of the closing of a case is abandoned to the debtor." 11 U.S.C.A. § 554(c). However, "property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate." 11 U.S.C.A. § 554(d). Thus, because the trustee never abandoned Plaintiff's causes of action against Defendant after notice and a hearing, either on his own initiative or by order of the bankruptcy court, and the causes of action were never scheduled and abandoned by operation of law at the closing of Plaintiff's bankruptcy case, Plaintiff's causes of action remain part of the bankruptcy estate. *See Anderson v. Acme Markets, Inc.*, 287 B.R. 624, 629 (E.D. Pa. 2002) ("An unscheduled cause of action thus remains property of the estate.").

pursue it."); *Matter of Educators Group Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994) ("If a cause of action belongs to the estate, then the trustee has exclusive standing to assert the claim."); *Bauer v. Commerce Union Bank, Clarksville, Tennessee*, 859 F.2d 438, 441 (6th Cir. 1988), cert. denied 489 U.S. 1079 (1989) ("The debtor has no standing to pursue such causes of action."); *Graupner v. Town of Brookfield*, 450 F. Supp. 2d 119, 126 (D. Mass. 2006) ("The [debtor's] pre-petition civil rights claims...remain the property of the bankruptcy estate and [the debtor] is without standing to assert them."); *Vidal v. Doral Bank Corp.*, 363 F. Supp. 2d 19, 22 (D.P.R. 2005) ("[A] trustee is the real party in interest with exclusive standing to assert claims which are property of the bankruptcy estate."); *Lawrence v. Jackson Mack Sales, Inc.*, 837 F. Supp. 771, 779 (S.D. Miss. 1992) ("[A] cause of action belonging to a debtor that existed at the time of the filing of a bankruptcy petition becomes property of the bankruptcy estate and may only be prosecuted by the trustee of the bankruptcy estate."); *Cain v. Hyatt*, 101 B.R. 440, 442 (E.D. Pa. 1989) ("[A]fter appointment of a trustee, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed. Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action.").

Sound policy considerations support the reasoning of those courts denying a debtor's standing to assert causes of action that are the property of the bankruptcy estate. In *Bauer v. Commerce Union Bank, Clarksville, Tennessee*, the Sixth Circuit observed:

> The trustee is empowered to compromise causes of action belonging to the bankruptcy estate. While the trustee must give consideration to the debtors' interest in any surplus remaining after the payment of all debts, fees, and administrative expenses . . . he must also protect the interests of unsecured creditors. Fully litigating a . . . claim could easily

exhaust assets that would otherwise go to creditors, and in the first instance the person vested with responsibility for deciding whether to settle or fight is the trustee, not the debtor.

859 F.2d at 441 (internal citation omitted). As the Sixth Circuit implicitly recognized in *Bauer*, a bankruptcy trustee's interest in settling a cause of action, and thereby obtaining some value for the bankruptcy estate without depleting its resources, and the debtor's interest in litigating a case may often come into conflict. The debtor stands to recover only after the estate's other debts, expenses, and fees have been paid. *See* 11 U.S.C. § 726(a)(1)-(6). Because these other costs could consume any settlement, for practical purposes, the debtor may have no incentive to settle the case and every reason to pursue a cause of action to its conclusion in hope of a judgment large enough to produce a surplus in the bankruptcy estate. Thus, to permit both the debtor and the trustee to maintain causes of action belonging to the bankruptcy estate would defeat the purpose of the statutory scheme vesting the trustee, as the representative of the bankruptcy estate, with the authority to maintain causes of action belonging to the estate and, if in the best interests of the estate, to settle them.

In contrast, Plaintiff cites no authority for the proposition that she retains standing to assert causes of action that are the property of the bankruptcy estate. Indeed, although Plaintiff argues at some length as to why the Trustee has standing to pursue these causes of action on behalf of the bankruptcy estate, Plaintiff's sole argument in favor of her own standing in the present case appears to be Plaintiff's "possible recovery over and above what belongs in the bankruptcy estate." (Pl.'s Resp. Def.'s Mot. Summ. J. 2.) As noted above, assuming Plaintiff or the Trustee obtained a favorable settlement or judgment in this case, Plaintiff would be entitled to any surplus from such settlement or judgment remaining in the bankruptcy estate after the

various debts, expenses, and fees incurred by the estate had been repaid.  As Defendant points out, however, if the possibility of recovering some portion of an award or settlement of causes of actions belonging to a bankruptcy estate was sufficient to grant standing to assert those causes of action, then all of Plaintiff's creditors, who have a superior right to distribution of any such award or settlement, would also have standing as plaintiffs in this case.  Given Plaintiff's failure to support her proposition with any legal authority, the Court rejects Plaintiff's argument.  *See In re Griffin*, 330 B.R. 737, 740 (W.D. Ark. 2005) ("[Although] Appellant argues he possessed standing because . . . because he would receive the surplus after creditors were paid . . . the trustee was the real party in interest and the only person who could sue for the benefit of Appellant's bankruptcy estate.").

Instead, the Court concludes that based upon the undisputed facts in this case, all causes of action asserted by Plaintiff against Defendant had accrued at the time that Plaintiff initiated her Chapter 7 bankruptcy case, and, at that point, pursuant to 11 U.S.C. § 541(a)(1), all of Plaintiff's causes of action against Defendant became the property of the bankruptcy estate. "After appointment of a trustee, [Plaintiff] no longer ha[d] standing to pursue a cause of action that existed at the time the order for relief was entered.  Only the trustee has the authority and discretion to prosecute, defend and settle, as appropriate in its judgment, such a cause of action." 3 Collier on Bankruptcy ¶ 323.03[1] 323-8 (2002).  Defendant is therefore entitled to dismissal of all of Plaintiff's causes of action against it as a matter of law.  Having concluded that Plaintiff lacks standing to pursue her various causes of action against Defendant, the Court need not address Defendant's alternative contention that Plaintiff should be judicially estopped from asserting any causes of action against Defendant.  Given that the Trustee has already been joined as a party plaintiff in this case, as well as the fact that Defendant's Motion for Summary

Judgment addresses itself only to claims by Plaintiff against Defendant, the Court will permit the Trustee, as the real party in interest with standing to pursue the causes of action against Defendant, to substitute for Plaintiff and continue as the sole plaintiff in this case.[3]

### Conclusion

For the reasons stated above, Defendant DCT's Motion for Summary Judgment against Plaintiff Rosalie Lillie Ardese is hereby GRANTED. All claims by Plaintiff Rosalie Lillie Ardese against Defendant DCT are hereby DISMISSED for lack of standing. The Court ORDERS Trustee Gerald R. Miller to file an amended complaint in accordance with the Court's decision within 20 days.

IT IS SO ORDERED this 19th day of December, 2006.

James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[3] Rule 17(a) of the Federal Rules of Civil Procedure provides in relevant part that "[e]very action shall be prosecuted in the name of the real party in interest." Rule 17(a) also provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." As previously noted, a trustee possesses the exclusive right to assert causes of action that are part of the bankruptcy estate, and is therefore the real party in interest in such causes of action. In recognition of this fact, a number of courts, after determining the debtor lacked standing to assert pre-petition claims, have nevertheless permitted the bankruptcy trustee an opportunity to be substituted for the debtor as the real party in interest. *See Graupner*, 450 F. Supp. 2d at 129 (D. Mass. 2006) ("The Court will stay this lawsuit to allow for a reasonable time for the . . . trustee to decide whether to pursue the claim as the real party in interest on behalf of the estate.); *Vidal*, 363 F. Supp. 2d at 22 ([T]he Bankruptcy Trustee is given 45 days from the entering of this order to substitute [debtor] or join her in this suit."); *Cain*, 101 B.R. at 442 ("[T]he most equitable course of action will be to stay the proceedings . . . until such time as . . . a trustee in Bankruptcy is substituted as plaintiff."); *Nagle v. Commercial Credit Business Loans, Inc.*, 102 F.R.D. 27, 31 (D.C. Pa. 1983) ("Since the trustee in bankruptcy is the real party in interest in this suit, the court finds that the case can proceed with the trustee substituted . . . for the dismissed [plaintiffs]." Because the Trustee in this case has already been joined without objection as a party plaintiff in this action, the Court sees no need to further stay the case pending entry and substitution of the Trustee as the real party in interest.